```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/26/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

ROSALIE GARCIA,

                      Petitioner,

        v.

UNITED STATES OF AMERICA,

                      Respondent.
-----------------------------------------------------------x

09 Civ. 9278 (GEL)
01 Cr. 1110 (GEL)

**OPINION AND ORDER**

GERARD E. LYNCH, Circuit Judge:[1]

    Rosalie Garcia moves pursuant to 28 USC § 2255 to vacate her conviction, and sentence to imprisonment for life plus 25 years, for murder, racketeering, and conspiracy to distribute narcotics. On December 21, 2009, the Court rejected all but one of Garcia's grounds for relief without requiring the Government to respond. However, because one of her claims presented a novel issue, the Court directed the Government to respond to that aspect of her petition. Because intervening authoritative precedent compels rejection of Garcia's remaining argument, the Court now denies her petition in its entirety.

    On June 9, 2006, this Court sentenced Garcia to concurrent non-parolable terms of life imprisonment on eight counts of murder, racketeering and narcotics conspiracy, and what all parties believed was a mandatory consecutive twenty-five-year term of imprisonment on one count of using a firearm during a crime of violence or narcotics crime pursuant to 18 U.S.C. § 924(c). Garcia expressly declined to object to the Court's determination that a mandatory consecutive sentence on that count was legally required. (6/9/06 Tr. 14.)

---

[1] The Honorable Gerard E. Lynch, United States Court of Appeals for the Second Circuit, sitting by designation.

Garcia does challenge that sentence, however, in her current petition under § 2255, arguing that in light of the Second Circuit's recent decisions in United States v. Williams, 558 F.3d 166 (2d Cir. 2009), and United States v. Whitley, 529 F.3d 150 (2d Cir. 2008), she was erroneously sentenced to a mandatory consecutive term of imprisonment on a charge of violating 18 U.S.C. § 924(c). This is the one issue that remains pending before the Court. While noting that "this argument has little or no practical impact, since the challenged sentence runs consecutive to her sentence to life imprisonment on numerous other counts," the Court recognized that the issue was a novel one, based on Second Circuit cases decided years after Garcia's sentence, and sought the Government's views, but postponed further briefing pending Supreme Court action on petitions for certiorari calling into question the correctness of the Second Circuit rulings on which Garcia relies. Opinion and Order of Dec. 21, 2009.

Still more recent Second Circuit precedent, however, makes it unnecessary to await the Supreme Court ruling. In United States v. Payne, 591 F.3d 46 (2d Cir. 2010), the Court of Appeals faced a situation on all fours with Garcia's. Like Garcia, Payne had been sentenced to a term of imprisonment on a § 924(c) count to run consecutive to a sentence of life imprisonment on other charges, and argued, on the authority of Williams and Whitley, that the district court had erred in concluding that the consecutive sentence was required. Noting that Payne had not objected to the sentence when it was imposed, the Court ruled that any error was not plain error affecting substantial rights:

> [W]e see no error, plain or otherwise, in the district court's imposition on Payne of a mandatory consecutive prison term pursuant to § 924(c)(1)(A). And were we to find error, we would be bound to conclude that the plain-error test is not met: Given that the firearms sentence is not to begin until Payne has completed

2

his life, the 10-year sentence does not affect his substantial rights.

591 F.3d at 68.

This binding precedent requires rejection of Garcia's somewhat academic attack on her sentence on the § 924(c) count. Her failure to raise the issue on her direct appeal would normally preclude collateral review absent a showing of cause for her failure and prejudice resulting therefrom. Sapia v. United States, 433 F.3d 212, 217 (2d Cir. 2005). Like Payne, Garcia registered no objection to this aspect of her sentence at the time it was imposed. Thus, even if there were some basis for excusing her procedural default, Payne teaches that even on direct review, the failure to make a contemporaneous objection is fatal to review of the propriety of a sentence to run consecutively to a non-parolable life sentence, because the consecutive sentence cannot affect substantial rights, and thus cannot be noticed on plain error review. In effect, since the consecutive sentence under these circumstances has no practical effect, Garcia cannot show any prejudice from its imposition.

Since this ruling disposes of the sole remaining claim in Garcia's petition, the petition is denied. As Garcia has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. Garcia may, however, pursue any available appellate remedy *in forma pauperis*. The Clerk is respectfully directed to close the case.

SO ORDERED.

Dated: New York, New York
       March 25, 2010

_____
GERARD E. LYNCH
United States Circuit Judge

3